## DWYER et al. v. FARRELL.

No. 7788—Opinion Filed July 31, 1917.

Rehearing Denied Nov. 20, 1917.

(171 Pac. 461.)

### Appeal and Error—Questions of Fact—Evidence.

Where the issue presented in an action at law is a question of fact, and the judgment of the court is reasonably supported by the evidence, the same will not be disturbed upon appeal.

(Syllabus by Hooker, C.)

Error from District Court, Okmulgee County; Ernest B. Hughes, Judge.

Action by James H. Dwyer and others against D. E. Farrell. Demurrer to answer sustained, and judgment for defendant, and plaintiffs bring error. Affirmed.

Wm. M. Matthews for plaintiffs in error.

Chas. A. Dickson, for defendant in error.

Opinion by HOOKER, C. The plaintiffs in error instituted this action in the lower court to quiet their title to certain real estate, and alleged in their petition that the defendant in error claimed some interest or title to the premises. That part of the answer of the defendant in error necessary to consider here sought to impress a lien upon this real estate to secure the payment of an attorney's fee in the sum of $2,000.

It appears from the record that in the year 1912 one Robert L. Dwyer, acting for himself and his coplaintiffs, employed the defendant in error as an attorney to quiet the title to certain real estate which had passed to them as the only heirs of their brother, and that the said Farrell had successfully conducted said litigation as their attorney, and had succeeded in having the title to this real estate quieted in them, but that a controversy arose beween them as to the amount of the fee for the services rendered. The defendant in error contended that he had a contract with them by virtue of which he was entitled to an undivided

one-third interest in the real estate recovered, but. this was denied by the plaintiffs in error, and it is contended by them here that the defendant in error is and was entitled only to reasonable compensation for the services performed by him.

The lower court sustained a demurrer to that part of the answer of the defendant in error which sought to recover an interest in the real estate for a fee upon the ground that the agreement was void as being within the statute of fraud, and no appeal was taken from the order of the court sustaining said demurrer, so this cause was tried in the court below upon the sole question as to the reasonable compensation for the services rendered by the defendant in error to the plaintiff in error. A question of fact properly triable by a jury was presented to the issues, but a jury being waived, and the cause having been submitted to the court, the finding of the court is entitled to the same weight as the verdict of a jury properly instructed.

The value of the property involved in the original action is fixed from $2,000 to $8,000 and the value of the services performed by the defendant in error for the plaintiffs in error is fixed from $300 to $2,000.

The lower court heard the evidence, and arrived at the conclusion that the property involved was reasonably worth $4,000, and the services performed by the defendant in error for the palintiffs in error were reasonably worth the sum of $750. The value of these services was purely a question of fact to be determined by the court from the evidence heard. We have carefully considered this evidence, and we are of the opinion that the judgment of the court is fairly supported by the evidence of the witnesses, and therefore, under the established rule of this court, we are not at liberty to disturb the judgment of the court upon this finding of fact. The evidence discloses that the fee was contingent, and the value of the property was a proper item to consider in fixing the value of the services rendered by the attorney to the clients as well as in determining the responsibility resting upon the attorney in the performing of those services.

The judgment of the lower court being sustained by the evidence, it is affirmed.

By the Court: It is so ordered.